ROBERT HAMPARYAN (SBN 181934)
HOEY & MORGAN, LLP
4275 Executive Square, Suite 920
La Jolla, CA 92037
Telephone: (858) 550-1002
Facsimile: (858) 550-2043

Attorneys for Plaintiff

FILED
2008 FEB 14 PM 3:53
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA KIRSCH; AMI ABBOTT; MANDY ANDERSON; and the ESTATE OF RICHARD KIRSCH, deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES, and DOES 1 through 10, inclusive,<br><br>Defendants. | General Civil<br>Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED<br><br>'08 CV 0298 DMS NLS |

## JURISDICTION

1. This is an action brought under 28 U.S.C. §2671 et seq. to recover damages against the UNITED STATES for the death of plaintiff's decedent, RICHARD KIRSCH, caused by the negligent operation of a government vehicle utilized by a U.S. Customs and Border Protection agent, EFRAIN BLAS, while acting within the course and scope of his employment.

2. The jurisdiction of this Court is predicated on 28 U.S.C. §1346(b).

3. A substantial part of the events giving rise to this action occurred in San Diego County, California. Venue is therefore proper under 28 U.S.C. §1391(b).

## PARTIES

4. NORMA KIRSCH ("Plaintiff") is, and at all times herein mentioned was, a citizen of the United States and a resident of San Diego County, State of California.

5. AMI ABBOTT ("Plaintiff") is, and at all times herein mentioned was, a citizen of the United States and a resident of San Diego County, California.

6. MANDY ANDERSON ("Plaintiff") is, and at all times mentioned was, a citizen of the United States and a resident of San Diego County, California.

7. Plaintiff Norma Kirsch is the widow of RICHARD KIRSCH, and his heir at law, and this action is brought for the benefit of said heir. Plaintiffs Ami Abbott and Mandy Anderson are the daughters of RICHARD KIRSCH, and also his heirs at law, and this action is also brought for their benefit as said heirs.

8. Defendant UNITED STATES ("Defendant") is a party and is being sued by virtue of it employing EFRAIN BLAS, who, at all times relevant herein, was a U.S. Customs and Border Protection agent, acting within the course and scope of his employment at the time of the incident giving rise to this action.

9. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that plaintiffs' and decedent's injuries as herein alleged were proximately caused by their acts.

10. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the defendants sued herein as DOES 1-10 was the agent and employee of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

## GENERAL ALLEGATIONS

11. On or about November 24, 2006, decedent Richard Kirsch was driving his motorcycle eastbound on California State Route 94. When decedent approached Community Building Road in the county of San Diego, he was passed by defendant's employee, Efrain Blas.

12. Efrain Blas was also driving eastbound on SR-94 at and around the same area as decedent as both were proceeding eastbound. At the same time and place, Efrain Blas was driving a vehicle owned by U.S. Customs and Border Protection ("Border Patrol") with the express and/or implied permission and consent of Border Patrol.

13. At said time and place, Efrain Blas negligently and recklessly drove the Border Patrol vehicle so as to violently collide with decedent's motorcycle, causing decedent to lose control and veer off the road, which ultimately caused decedent's death.

14. On or about February 5, 2007, plaintiffs filed a tort claim for wrongful death, pursuant to the Federal Tort Claims Act, with U.S. Customs and Border Protection. Plaintiffs' claim was rejected in its entirety on or about August 21, 2007. The rejection letter is attached as exhibit 1.

## FIRST CAUSE OF ACTION

CLAIM FOR DAMAGES UNDER 28 U.S.C. §2671 ET SEQ. FOR NEGLIGENCE OF A GOVERNMENT EMPLOYEE ACTING WITHIN THE COURSE AND SCOPE OF EMPLOYMENT

*(BY PLAINTIFFS AGAINST DEFENDANT UNITED STATES)*

15. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, defendant employed Efrain Blas as a Border Patrol agent, and was employed in such capacity at the time of the incident that is the subject of this suit.

17. Plaintiffs are further informed and believe, and thereon allege, that Mr. Blas was driving a Border Patrol vehicle while on-duty in the course and scope of his employment as a Border Patrol Agent, and proceeded eastbound on SR-94 in such capacity at the time of this incident.

18. Mr. Blas' negligent operation of a Border Patrol vehicle resulted in the death of plaintiffs' decedent, thereby resulting in plaintiff's lost care, comfort, support, solace, attention, and services of decedent, all in a sum to be proven at trial.

19. As a further result of the negligence and carelessness of Mr. Blas, and the resulting death of decedent, decedent's Estate incurred medical and incidental expenses which will be shown according to proof.

20. As a further result of the negligence and carelessness of Mr. Blas, and the resulting death of decedent, plaintiff incurred funeral and burial expenses which will be shown according to proof.

WHEREFORE, plaintiff prays judgment as follows:

1. For medical and related expenses according to proof;
2. For funeral and burial expenses according to proof;
3. For pecuniary damages due to the loss of the care, comfort, support, solace, attention, and services of decedent according to proof;
4, For costs of suit herein incurred; and
5. For such other and further relief as the court may deem just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL**

Dated: February 8, 2008

HOEY & MORGAN, LLP

By: _____
ROBERT HAMPARYAN
Attorneys for Plaintiff

COMPLAINT - 4

# EXHIBIT 1



U.S. Department of Homeland Security
Washington, DC 20229

**U.S. Customs and Border Protection**

SO-2007-0146-SVF

August 21, 2007

Giles S. Townsend, Esquire
Pacific Law Center
4225 Executive Square, Suite 1550
La Jolla, California  92037

**Certified Mail - Return Receipt Requested**

RE:  FTCA Claim on behalf of Richard Kirsch, decedent/Norma Kirsch

Dear Mr. Townsend:

This is in reference to the tort claim you submitted for wrongful death on behalf of Richard Kirsch, decedent, in the amount of $10 million.  After careful review of all of the evidence in this case, it is my decision to deny this claim.

Any recovery under the Federal Tort claims Act must be predicated upon the negligent or wrongful act or omission of a government employee acting within the scope of federal employment.  See generally, 28 U.S.C 2671 et seq.  In this case, the claimant has failed to establish that Mr. Kirsch's death was caused by a federal employee acting within the scope of employment.  As such, this claim must be denied in its entirety.

Please be advised that if you are dissatisfied with this decision, you may file suit in an appropriate United States District Court no later than six months after the date of the mailing of this notification.

Sincerely,

*Mark S. Borkowski*
Mark S. Borkowski
Executive Director for Mission Support
U.S. Border Patrol

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       #  147672    -  BH

       February 14, 2008
           15:48:51


        Civ Fil Non-Pris
    USAO #.: 08CV0298 CIVIL FILING
    Judge..: DANA M SABRAW
    Amount.:                $350.00 CK
    Check#.: BC# 2279



    Total->   $350.00



    FROM: KIRSCH ET AL V. U.S.A.
          CIVIL FILING
```

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 2008 FEB 14 PM 3:52 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

## I. (a) PLAINTIFFS
Norma Kirsch; Ami Abbot; Mandy Anderson; and the Estate of Richard Kirsch, deceased

**(b)** County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert Hamparyan; Hoey & Morgan, LLP, 4275 Executive Square, Suite 920, La Jolla, CA 92037; 858-550-1002

### DEFENDANTS
United States, Does 1 through 10, inclusive

County of Residence of First Listed Defendant: **N/A**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'08 CV 0298 DMS NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 2671 et seq.

Brief description of cause:
Border Patrol Agent's negligent driving killed plaintiffs' husband and father

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 02/14/2008

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 147672  AMOUNT $350  2/14/08 BH  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**         Example:         U.S. Civil Statute: 47 USC 553
                                                      Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.