```
 1  KAREN P. HEWITT
    United States Attorney
 2  ERNEST CORDERO, JR.
    Assistant U.S. Attorney
 3  State of California Bar No. 131865
    Office of the U.S. Attorney
 4  880 Front Street, Room 6293
    San Diego, CA 92101-8893
 5  Telephone: (619) 557-7473
    Email: ernest.cordero@usdoj.gov
 6
    Attorneys for Defendant
 7  United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA KIRSCH; AMI ABBOTT; MANDY ANDERSON; and the ESTATE OF RICHARD KIRSCH, deceased;<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 08cv0298-WQH (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND TO STRIKE JURY DEMAND**<br><br>DATE: July 21, 2008<br>TIME: 11:00 a.m.<br>CTRM: 4<br><br>Hon. William Q. Hayes |

**I.**

**INTRODUCTION**

Plaintiffs have filed this negligence action against the United States pursuant to the Federal Tort Claims Act ("FTCA"). (See Complaint, ¶ 1.) Although Plaintiffs have served the Summons and Compliant on the U.S. Attorney's Office, they have failed to serve the Attorney General as required by Rule 4 of the Federal Rules of Civil Procedure. Accordingly, the Complaint should be dismissed for insufficiency of service of process and a lack of personal jurisdiction. In their Complaint, Plaintiffs also demand a trial by jury. However, because there is no right to a jury trial in FTCA cases, the jury trial demand should be stricken from the Complaint.

**II.**

**PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENCY OF SERVICE AND LACK OF PERSONAL JURISDICTION**

It is axiomatic that "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), modified on other grounds, 807 F.2d 1514, cert. denied, 848 U.S. 870 (1987). "In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999); see also Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (noting that defendants must be served in accord with appropriate rules "or there is no personal jurisdiction"); Omni Capital International v. Wolff, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied....") (emphasis added); Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" Pipes, 799 F.2d at 492.

In order to properly serve the United States, a plaintiff must serve a copy of the summons and complaint on the U.S. Attorney's Office for the district in which the action is brought, as well as on the U.S. Attorney General in Washington, D.C. Fed.R.Civ.P. 4(i)(1); see also Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) ("Plaintiff did not serve the United States Attorney **and** the Attorney General as required for service 'upon the United States'") (emphasis added). Here, Plaintiffs have filed a proof of service indicating they have served the U.S. Attorney's Office. (Clerk's Docket, No. 4.) However, Plaintiffs have not filed a certificate of service demonstrating compliance with the requirement that they serve the Attorney General. Absent such proof, the Complaint should be dismissed due to insufficient service of process and a lack of personal jurisdiction pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure.

///

### III.

### THE DEMAND FOR TRIAL BY JURY SHOULD BE STRICKEN

As discussed above, the Complaint should be dismissed for insufficiency of service of process and a resulting lack of personal jurisdiction. However, in the event the Court decides not to dismiss the Complaint, the demand for jury trial nonetheless should be stricken from the Complaint. This is so because FTCA actions against the United States are to be tried by the Court without a jury. 28 U.S.C. § 2402. Based on Section 2402, courts have held there is no right to a jury trial against the United States in a tort action. <u>Glidden Co. v. Zdanok</u>, 370 U.S. 530, 572 (1962); <u>In re Consolidated United States Atmospheric Testing Litigation v. Livermore Labs</u>, 820 F.2d 982, 992 (9th Cir. 1987). Here, although this suit has been brought under the FTCA, Plaintiffs have requested a jury trial. Because the request is improper, it should be stricken.

### IV.

### CONCLUSION

For the foregoing reasons, the Complaint should be dismissed for insufficiency of service of process and a lack of personal jurisdiction. The Court also should strike Plaintiffs' demand for trial by jury.

DATED: June 2, 2008

KAREN P. HEWITT
United States Attorney

s/ Ernest Cordero, Jr.

ERNEST CORDERO, JR.
Assistant U.S. Attorney
Attorneys for Defendant
United States of America