1  KAREN P. HEWITT
   United States Attorney
2  ERNEST CORDERO, JR.
   Assistant U.S. Attorney
3  State of California Bar No. 131865
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7473
   Email: ernest.cordero@usdoj.gov
6
   Attorneys for Defendant
7  United States of America

8

9                  UNITED STATES DISTRICT COURT

10                SOUTHERN DISTRICT OF CALIFORNIA

11

12  NORMA KIRSCH; AMI ABBOTT; MANDY)        Case No. 08cv0298-WQH (NLS)
    ANDERSON; and the ESTATE OF RICHARD)
13  KIRSCH, deceased;                     )
                                          )
14          Plaintiffs,                   )        **UNITED STATES OF AMERICA'S**
                                          )        **ANSWER TO COMPLAINT**
15          v.                            )
                                          )
16  UNITED STATES, and DOES 1 through 10,)
    inclusive,                           )
17                                        )
            Defendants.                   )
18  _____)

19         Defendant United States of America ("Defendant"), through its attorneys, Karen P.

20  Hewitt, United States Attorney, and Ernest Cordero, Jr., Assistant U.S. Attorney, files this

21  Answer to Plaintiffs' Complaint (the, "Complaint").

22         1.     Answering Paragraph 1 of the Complaint, Defendant alleges that said paragraph

23  contains jurisdictional allegations which present legal conclusions and questions of law to be

24  determined solely by the Court, to which no answer is required.  To the extent an answer is

25  required, Defendant denies each jurisdictional allegation in said paragraph.  Defendant further

26  denies that Richard Kirsch's death was caused by the negligent operation of a government

27  vehicle by Efrain Blas, a U.S. Customs and Border Protection agent.

28         2.     Answering Paragraph 2 of the Complaint, Defendant alleges that said paragraph

    contains jurisdictional allegations which present legal conclusions and questions of law to be

determined solely by the Court, to which no answer is required.  To the extent an answer is required, Defendant denies each allegation in said paragraph.

3.    Answering Paragraph 3 of the Complaint, Defendant admits that certain events giving rise to this action occurred in the Southern District of California.  Defendant further alleges that said paragraph contains allegations concerning venue which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent an answer is required, Defendant denies each allegation regarding venue in said paragraph.

4.    Answering Paragraph 4 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies the allegations.

5.    Answering Paragraph 5 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies the allegations.

6.    Answering Paragraph 6 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies the allegations.

7.    Answering Paragraph 7 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies the allegations.

8.    Answering Paragraph 8 of the Complaint, Defendant asserts that said paragraph contains Plaintiffs' subjective characterization of the reasons why they have filed suit, to which no answer is required.  Defendant further asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning those reasons, and based thereon, denies the allegations.

9.    Answering Paragraph 9 of the Complaint, Defendant asserts that said paragraph contains allegations concerning unidentified individuals.  Defendant is without knowledge or ///

information sufficient to form a belief as to the truth of the allegations concerning those unidentified individuals, and based thereon, denies the allegations.

10.    Answering Paragraph 10 of the Complaint, Defendant asserts that said paragraph contains allegations concerning unidentified individuals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning those unidentified individuals, and based thereon, denies the allegations.

11.    Answering Paragraph 11 of the Complaint, Defendant admits that on November 24, 2006, decedent Richard Kirsch was driving his motorcycle eastbound on California State Route 94.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and based thereon, denies the allegations.

12.    Answering Paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

13.    Answering Paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

14.    Answering Paragraph 14 of the Complaint, Defendant admits that Norma Kirsch filed an administrative claim in November 2007 with U.S. Customs and Border Protection which was denied on August 21, 2007.  A copy of the denial is attached to the Complaint as Exhibit 1.  Defendant denies the remaining allegations contained in Paragraph 14, including the allegation that other plaintiffs also filed administrative claims.

15.    Answering Paragraph 15 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 14.

16.    Answering Paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17.    Answering Paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

18.    Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19.     Answering Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied.  For further and separate answer, Defendant alleges as follows:

1.      The Court lacks jurisdiction over the subject matter of this action to the extent Plaintiffs failed to exhaust their administrative remedies.

2.      The Complaint fails to state a claim upon which relief can be granted under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, for the reason that if Defendant were a private person, it would not be liable to Plaintiffs in accordance with the law of the State of California.

3.      Plaintiffs cannot recover for any injury or injuries caused in whole or in part by and through the carelessness and negligence of decedent Richard Kirsch.

4.      To the extent the acts or omissions of others were the sole proximate causes of any injury, damage, or loss to the Plaintiffs, those acts and omissions have superseded any acts or omissions of Defendant.

5.      Plaintiffs cannot recover damages from Defendant for any injuries that were not proximately caused by a negligent or wrongful act or omission on the part of Defendant or any employee or agent of Defendant.

6.      The liability of Defendant, if any, and responsible parties, named or unnamed, if any, should be apportioned according to their respective degrees of fault, and any liability should be reduced accordingly.

7.      Defendant asserts, as an affirmative defense, California Civil Code, § 1431.2(a), which provides:

In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint.  Each defendant shall be liable only for the amount of non-economic damages allocated to that

4                                           08cv0298

defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

8.    To the extent Plaintiffs failed to exercise reasonable care in mitigating their damages, their claims must be barred or diminished.

9.    Plaintiffs' recovery, if any, is limited to the amount of the claim Plaintiffs presented administratively.  See 28 U.S.C. § 2675(b).

10.    To the extent Plaintiffs have alleged speculative future damages, they do not constitute compensable damages.

11.    All future damages, if any, must be reduced to present value.

12.    When calculating any loss of economic support damages, income taxes must be deducted from decedent Richard Kirsch's alleged future lost earnings, if any.

13.    In the event Defendant is found liable, which Defendant expressly denies, Defendant is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from the United States of America and its agencies, by reason of Plaintiffs' alleged injuries.

**WHEREFORE**, Defendant prays that Plaintiffs take nothing by reason of their suit herein, that judgment be rendered in favor of said Defendant, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.


DATED: August 18, 2008                          KAREN P. HEWITT
                                                United States Attorney

                                                s/ Ernest Cordero, Jr.

                                                ERNEST CORDERO, JR.
                                                Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NORMA KIRSCH; AMI ABBOTT; MANDY )   Case No. 08cv0298-WQH (NLS)
ANDERSON; and the ESTATE OF RICHARD )
KIRSCH, deceased;                    )
                                     )
        Plaintiffs,                  )   **CERTIFICATE OF SERVICE**
                                     )
        v.                           )
                                     )
UNITED STATES, and DOES 1 through 10,)
inclusive,                           )
                                     )
                Defendants.          )
_____)

IT IS HEREBY CERTIFIED THAT:

I, Ernest Cordero, Jr., am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893. I am not a party to the above-entitled action.  I have caused service of:

**UNITED STATES OF AMERICA'S ANSWER TO COMPLAINT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Hamparyan, Esq.
Hoey & Morgan, LLP
4275 Executive Square, Suite 920
La Jolla, CA 92037
hoey@hoeyandmorgan.com
anderson@hoeyandmorgan.com

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

        N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 18, 2008.

                        s/ Ernest Cordero, Jr._____
                        ERNEST CORDERO, JR.