UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA KIRSCH, et al, <br><br>            Plaintiff, <br>v. <br><br>UNITED STATES OF AMERICA; DOES 1 through 10 *inclusive*, <br><br>            Defendants. | Civil No. 08cv298-WQH(NLS) <br><br>**ORDER FOLLOWING SHOW CAUSE HEARING RE: SANCTIONS** |

On September 30, 2008, the Court held an Order to Show Cause Hearing to consider whether sanctions should be imposed against Plaintiffs and/or Plaintiffs' counsel for failing to appear as ordered at the Early Neutral Evaluation Conference ("ENE") on September 9, 2008. Ernesto Cordero, Jr. appeared on behalf of Defendant United States of America. Benjamin Anderson appeared on behalf of Plaintiffs. Plaintiffs' lead counsel and sole attorney of record, Robert Hamparyan, failed to appear at the hearing. Based on the declarations of counsel submitted to the Court [Doc. Nos. 14 & 15], and for oral reasons stated at the September 30, 2008 hearing, the Court finds that monetary sanctions in the amount of **$350.00** must be imposed against Plaintiffs' lead counsel, Robert Hamparyan, pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.1(c)(1)(c), for violating this Court's Notice and Order filed August 19, 2008 [Doc. No. 11], and for violating this Court's Order Setting Show Cause Hearing Re: Sanctions [Doc. No. 13], which required him to appear in person before the Court on September 30, 2008.

/ / /

## DISCUSSION

An Early Neutral Evaluation Conference ("ENE") was scheduled on September 9, 2008 in this case. Assistant United States Attorney Ernest Cordero, Jr. appeared on behalf of Defendant United States of America. In violation of the Court's Notice and Order filed August 19, 2008 [Doc. No. 11] scheduling the ENE, Plaintiffs and their attorney of record, Robert Hamparyan, failed to appear for the conference. As a result, the ENE was not held, and the Court issued an Order Setting Show Cause Hearing [Doc. No. 13] ordering Plaintiff's attorney of record, Robert Hamparyan to appear in person before the Court on September 30, 2008 at 9:30 a.m. and show cause why sanctions should not be imposed against him and/or his clients for failing to comply with the Court's Notice and Order filed August 19, 2008. The Court also requested that defense counsel submit a declaration outlining any costs and fees incurred to attend the ENE, and requested a declaration from Plaintiff's counsel explaining any justification for the failure to appear at the ENE. (*Court's September 11, 2008 Order*, Doc. No. 11, 2.)

Defense counsel, Ernesto Cordero, Jr., submitted a declaration to the Court stating that his client incurred $646.73 in fees and expenses related to his attendance at the ENE. (*Declaration of Ernesto Cordero, Jr.* ¶ 3.) Plaintiff's lead counsel, Robert Hamparyan, submitted a declaration to the Court explaining that his and his clients' failure to appear at the ENE resulted from his paralegal inadvertently failing to calendar the hearing in the firm's calendaring system. (*Declaration of Robert Hamparyan* ¶ 3.) Courts may impose monetary sanctions against a party who does not comply with an order scheduling a pre-trial settlement conference, including ENEs. Pursuant to Local Civil Rule 16.1(c)(1)(c), attendance at an ENE "may be excused only for good cause shown and by permission of the court. Sanctions may be appropriate for an unexcused failure to attend." In pertinent part, Federal Rule of Civil Procedure 16(f) states that "if a party or party's attorney fails to participate [in a pre-trial conference], the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, . . . . In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees. . . ." Fed.R.Civ.P 16(f); s*ee, e.g.*, *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762 (9th Cir. 2001).

Based on the declarations submitted by counsel prior to the September 30, 2008 hearing, the

Court finds that the failure by Plaintiffs' and Plaintiff's counsel failure to appear at the September 9, 2008 ENE resulted from a mistake on the part Mr. Hamparyan. The Court finds that he did not act in a wilful or deliberate manner, however, he compounded his violation of the Court's August 19, 2008 order by failing to appear in person for the Show Cause Hearing, and sending an associate from his firm instead. Defendants incurred expenses in relation to the ENE, including attorneys fees totaling $646.73. (*Cordero Decl'n.* ¶ 3.) In addition, because Plaintiffs failed to appear for the ENE, the conference could not be held, thwarting any effort by the Court to facilitate an early settlement of this matter. Accordingly, the Court finds that an award of monetary sanctions in the amount of $350.00 against Plaintiff's lead counsel, Robert Hamparyan, is appropriate.

## CONCLUSION

Based on the foregoing, the Court finds that pursuant to Federal Rule of Civil Procedure 16(f) and Local Civil Rule 16.1(c)(1)(c) monetary sanctions in the amount of **$350.00** must be imposed against Plaintiff's attorney of record Robert Hamparyan, for violating the Court's August 19, 2008 and September 11, 2008 orders and failing to appear, or to make his clients available to appear, at the August 19, 2008 ENE and failing to appear himself at the September 30, 2008 Show Cause Hearing. This amount represents a fair portion of the fees incurred by Defendant in relation to Mr. Cordero's preparation and appearance at the ENE.[1]

Accordingly, **IT IS HEREBY ORDERED THAT** Robert Hamparyan shall pay monetary sanctions in the amount of **$350.00**, via check or money order made payable to the United States Treasury, to be delivered directly to the United States, c/o AUSA Ernesto Cordero, Jr., 880 Front Street, Room 6293, San Diego, California, 92101, *no later than October 15, 2008*.

**IT IS SO ORDERED**.

DATED: September 30, 2008

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge

---

[1] The Court finds that AUSA Cordero's time spent preparing for and attending the ENE was reasonable, however the Court discounts the sanction award to $350.00 to account for time that would have been incurred preparing for a Case Management Conference.